CALUMET RIVER RAILWAY COMPANY v. JOHN M. SHEAFF,
and
SO. CHICAGO & SOUTHERN R. R. CO. v. JOHN M. SHEAFF,
and
WILLIAM H. RAND v. JOHN M. SHEAFF.

*Filed at Springfield June 11, 1896—Rehearing denied January 14, 1897.*

On the authority of *Fuller* v. *Shedd*, 161 Ill. 462, the decree of the Superior Court of Cook county in these cases is affirmed.

APPEAL from the Superior Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

LOESCH BROS., and ROBT. B. KENDALL, for appellants.

H. S. MECARTNEY, (WILLIAM PRESCOTT, of counsel,) for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

These three appeals are based on the same record and are from the same decree, and the assignments of error involve the same questions, and they have been consolidated.

The appellee in these cases filed his petition on October 17, 1891, to establish record title in fee, under the Burnt Records act, to the following described lands, to-wit: Lots 25 to 33, both inclusive, and lots 38 to 43, both inclusive, in block 2; lots one to 10, both inclusive, and 22 to 24, both inclusive, in block 3; lots 1 to 12, both inclusive, lots 44 to 48, both inclusive, and lot 26, in block 5; lots 1 to 24, both inclusive, in block 6; lots 1 to 14, both inclusive, and lots 25 to 48, both inclusive, in block 7,—all in Kizer & Williams' subdivision of the north-east quarter of the north-east quarter of section 31, township 37, north, range 15, east of the third principal meridian, in Cook county, Illinois. The petition represents that the public records of Cook county, so far as they relate

.to the title of said real estate, prior to the 9th day of October, 1871, were destroyed by fire in Chicago, in said Cook county, on the 8th and 9th days of October, 1871, and that the original title deeds, conveyances and instruments of writing appertaining to said real estate prior to said fire have been lost or destroyed and it is not in the power of petitioner to produce the same. The petitioner also sets forth his title, showing the lands were originally granted by the United States to Stephen A. Douglas, by patent, on October 1, 1855, and by various *mesne* conveyances the title was vested in him. To that petition numerous parties were made defendants, but the only contesting defendants on hearing in the trial court are those who are appellants here.

Appellee's title, as thus derived, was under the survey of 1834, made under authority of the United States. The appellants set up title derived under patents issued under a survey made under order and direction of the commissioner of the United States land office, in 1874. On hearing the court found for the petitioner, and established and confirmed title in him, and ordered possession should be delivered to him, etc.

The rights of riparian owners on the body of water known as Wolf lake were fully discussed in *Fuller* v. *Shedd,* 161 Ill. 462, and their rights as such riparian owners were stated in that opinion. We also there held that the survey of 1874 was illegal and unauthorized by law, and patentees thereunder took no title. That opinion disposes of all the legal questions involved in this case. Whatever rights the appellants had were under the survey of 1874 and the patents issued thereunder, and as that survey was unauthorized and void and the patents issued thereunder conveyed no title, the defense made to this proceeding fails and the appellee was entitled to the relief prayed.

The decree of the Superior Court will be affirmed.

*Decree affirmed.*